897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Allen RAZSI, Defendant-Appellant.
 No. 89-3310.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1990.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 PER CURIAM.
 
 
 1
 James Allen Razsi, the defendant, appeals his sentence for armed robbery under the Federal Sentencing Guidelines. For the reasons which follow, we affirm the judgment of the district court.
 
 I.
 
 2
 Razsi and a co-defendant, Paul Edward Browning were arrested for armed bank robbery. On August 28, 1988. Razsi was indicted on with two counts of armed bank robbery in violation of 18 U.S.C. 2113(a)(d). Pursuant to plea agreements, both Razsi and Browning entered guilty pleas in United States District Court for the Northern District of Ohio, Judge Alice Batchelder presiding. The parties had agreed that Mr. Razsi's overall offense level would be 23 and his criminal history category would be 4. This would produce a guideline sentencing range of 92-115 months and a possible maximum fine of $75,000. The pre-sentence report, however, stated that the base offense level should be 34 and the criminal history category 6, because Razsi was a career offender. Therefore the appropriate sentencing range was 262-327 months. At the time of sentencing on the plea agreements, Judge Batchelder informed the defendants that she would not depart from the guidelines to the extent called for by the plea agreements. The U.S. Attorney then made a motion to withdraw the plea agreement, which Judge Batchelder granted. Razsi was also permitted to withdraw his guilty plea.
 
 
 3
 Razsi's case was set for trial on March 13, 1988. Prior to trial, he entered a guilty plea to both counts of the indictment. On April 3, 1988, Judge Batchelder sentenced Razsi to a term of 262 months of imprisonment on counts one and two, a five year term of supervised release, and a special assessment of $100.00.
 
 II.
 
 4
 Razsi claims that the sentence he received from the district court is cruel and unusual punishment in violation of the Eighth Amendment because his sentence is disproportionate to the crime he committed. In addition he claims he was denied equal protection under the Fourteenth Amendment because he received a drastically different sentence than his co-defendant, Paul Browning.
 
 
 5
 Razsi concedes that he was legally sentenced according to the Federal Sentencing Guidelines and that the district court had no reason to order a downward departure in his case. Razsi's objects to his classification as a career offender under Sec. 4B.1 of the Guidelines, which produced a two hundred month difference in his sentence and that of his co-defendant. Section 4B.1 was enacted in the Guidelines as a result of a congressional directive found at 28 U.S.C. Sec. 994(h) which reads:
 
 
 6
 The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
 
 
 7
 (1) has been convicted of a felony that is--
 
 
 8
 (A) a crime of violence; or
 
 
 9
 (b) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002)a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); and
 
 
 10
 (2) has previously been convicted of two or more prior felonies, each of which is--
 
 
 11
 (A) a crime of violence; or
 
 
 12
 (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21. U.S.C. 952(a), 955, and 959), and section 1 of the Act of September 15, 1980 (21 U.S.C. 955a).
 
 
 13
 The Career Offender provision of the Guidelines, Sec. 4B.1 reads:
 
 Career Offender
 
 14
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.
 
 
 15
 Offense Statutory Maximum Offense Level
(A) Life 37
(B) 25 years or more 34
(C) 20 years or more, but less than 25 years 32
(D) 15 years or more, but less than 20 years 29
(E) 10 years or more, but than 15 years 24
(F) 5 years or more, but less than 10 years 17
(G) More than 1 year, but less than 5 years 12
 
 
 16
 Razsi does not challenge the accuracy of the pre-sentence report which establishes that he is a career offender pursuant to the standards of Sec. 4.B1 of the Guidelines. He admits that armed bank robbery is a crime of violence as defined by 18 U.S.C. Sec. 16, and that he has more than two prior felony convictions for crimes of violence or drug trafficking.
 
 
 17
 The essence of Razsi's proportionality claim is that prior to the Guidelines he would have received a lighter sentence. In support of this claim, he cites case law prior to the enactment of the Guidelines. However, Razsi makes no argument which compels this court to engage in the proportionality analysis established by the United States Supreme Court in Solem v. Helm, 463 U.S. 277 (1983). Solem set forth an objective test for reviewing the proportionality of sentences. In Chandler v. Jones, 813 F.2d 773 (6th Cir.1987), the Sixth Circuit concluded that the holding of Solem was limited to extreme cases such as a sentence of life imprisonment without parole. Under the facts of this case, this court need not engage in application of the Solem criteria. When lesser sentences are in question, this court determined that Rummel v. Estelle, 445 U.S. 263 (1980) is controlling. In Rummel, the Supreme Court upheld the constitutionality of a Texas habitual offender statute. The court found that a sentence of life imprisonment with the possibility of parole after 12 years, which was imposed on the defendant after a third nonviolent felony conviction, did not constitute cruel and unusual punishment.
 
 
 18
 With regard to the instant case, Razsi pled guilty to two armed bank robberies, each of which carries a statutory maximum of 25 years imprisonment for a possible maximum of 50 years. He was sentenced to 21 years and 10 months imprisonment. Because this sentence is not even as severe as the sentence in Rummel, and because Razsi was sentenced under the statutory minimum, his claim that his sentence violates the 8th Amendment is meritless. Razsi also objects to his co-defendant Browning's much lesser sentence despite a similar criminal past. In making this argument, Razsi overlooks two important facts: 1) Browning does not have the requisite two prior violent felony or drug trafficking convictions for sentencing as a career criminal; and 2) Browning only pled guilty to one count of armed bank robbery, not two. Razsi's equal protection claim is also meritless because it does not meet even the threshold criteria for 14th Amendment analysis. Razsi is not a member of a suspect class, and he is not similarly situated to his co-defendant because Browning is not a career offender. Therefore, we hold that Razsi was appropriately sentenced under the career offender provision of the Guidelines, and that his claims of Eighth and Fourteenth Amendment violations are frivolous.
 
 III.
 
 19
 Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Court for the Western District of Michigan, sitting by designation